ZAVALETA, DEMANDANTE Y APELADO, *v.* CIVIDANES, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre cobro de dinero.

No. 2959.—Resuelto en noviembre 16, 1923.

ARRENDAMIENTO DE SERVICIOS PROFESIONALES — ALEGACIONES — DEMANDA SUFICIENTE.—No puede tacharse de insuficiente una demanda para cobro de dinero por arrendamiento de servicios profesionales, bajo el fundamento de no alegarse la forma en que se convino la prestación de servicios, cuando la demanda alega que los servicios fueron prestados a petición y requerimiento del demandado expresando el valor razonable de los servicios; ni es fatal la omisión de alegar cuándo se creó el derecho de acción en favor del demandante, cuando, como en este caso, la demanda iba acompañada de una cuenta detallando las fechas en que los servicios fueron prestados.

ID.—CAUSAS DE ACCIÓN—ALEGACIONES.—Las diversas partidas incluídas en una cuenta en que se detallan servicios profesionales no constituyen distintas causas de acción por lo que no es necesario hacer en la demanda alegación separada de cada una. *Barceló v. Díaz,* 29 D. P. R. 170.

ID.—ALEGACIONES LEVANTADAS EN EL TRIBUNAL SUPREMO.—La alegación de que los servicios profesionales fueron negligentemente prestados por el demandante, no puede levantarse por primera vez en el Tribunal Supremo.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. C. Domínguez Rubio* y *L. Muñoz Morales.*

Abogados del apelado: *Sres. J. J. Aponte* y *R. Rivera Zayas.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Esta es una acción en cobro de dinero por arrendamientos de servicios profesionales.

El demandante Miguel Zavaleta alega su condición de abogado, admitido a postular ante los tribunales insulares, y que como tal abogado y desde el mes de marzo de 1915, hasta el de agosto de 1919, a petición y requerimiento del demandado prestó a éste sus servicios profesionales en la defensa de seis casos civiles, y que dichos servicios valen razonablemente la suma de $3,482.90, según cuenta detallada que se une a la demanda.

El demandado después de excepcionar la demanda por falta de causa de acción y solicitar que el demandante enumerara separadamente los servicios prestados en cada caso, como diversas causas de acción, contestó la demanda haciendo una exposición detallada de los servicios prestados por el demandante en cada caso a los que no les reconoce mérito alguno y negando que dichos servicios sean todos los que hace constar el demandante en su cuenta y negando además, que ellos o los que resulten prestados valgan la cantidad en que se justiprecian por dicho demandante.

Resuelto este caso por la corte inferior, dictó sentencia concediendo al demandante la suma de $3,335, y contra esta sentencia se ha establecido el presente recurso, señalándose por el apelante los siguientes errores:

"I.—La corte cometió error al declarar sin lugar la excepción previa general de falta de causa de acción presentada por el demandado.

"II.—La corte cometió error al declarar sin lugar la moción del

demandado solicitando se separaran las causas de acción alegadas en la demanda.

"III.—La corte cometió manifiesto error al considerar que los servicios del demandante tenían un valor de tres mil trescientos treinta y cinco dollars ($3,335.00)."

Se afirma por el apelante en su primer error que la demanda no aduce hechos suficientes para determinar una causa de acción y se funda en que no se alega en qué forma se convino la prestación de los servicios profesionales del demandante. En la demanda se alega que los servicios del demandante fueron prestados a petición y requerimiento del demandado y dice el valor razonable de los mismos. De estas alegaciones se puede ver claramente que no hubo convenio en cuanto al valor fijo o cuantía de los honorarios del demandante y por eso es que debía expresarse en la demanda el valor razonable o justiprecio de los servicios que fueron prestados como así se hizo por el demandante. La demanda, por tanto, se ha fundado en el artículo 1486 del Código Civil y ella contiene todos los elementos que indica dicho precepto, haciendo buena y suficiente la demanda.

En los casos de *Freyre v. Sucn. de A. Sevillano,* 28 D. P. R. 397, y de *Barceló v. Díaz,* 29 D. P. R. 170, en los que se trata de reclamaciones análogas, sobre cobro de honorarios, las demandas en dichos casos son muy semejantes y esta Corte Suprema las declaró suficientes. En el primer caso citado, se dijo por esta corte:

"Aunque la demanda no es un modelo de alegación, sin embargo expone lo bastante para que los demandados supieran que les cobran servicios profesionales prestados a su causante en varios pleitos, sin precio convenido, ya que éste no se alega, por lo que, de acuerdo con el artículo 1486 del Código Civil puede cobrarse lo que razonablemente valgan."

Y en el segundo caso, *supra,* se dijo asimismo por esta corte:

"La excepción previa fué debidamente desestimada, ya si se considera la demanda aisladamente y sin referencia alguna al pliego de particulares, o si se le considera como que comprende las partidas contenidas en tal pliego e interpretadas en relación con ellas."

"En una acción por servicios prestados, donde hay más o menos incertidumbre acerca de los fundamentos de la reclamación puede propiamente hacerse en la demanda una alegación basada en un contrato expreso y otra en un valor razonable (*quantum meruit* . . . ." 2 R. C. L. 1057.

Otro reparo que se hace a la demanda es de ser defectuosa porque no alega cuándo se creó el derecho de acción en favor del demandante de manera que el demandado pueda conocer si la acción ha o no prescrito. Junto a la demanda se presentó para que formara parte de la misma la cuenta detallada de dichos servicios, expresándose la fecha en que tuvieron principio y término de los mismos. Se hace fácil conocer de ese modo en forma clara y precisa cuándo se originó la causa de acción en este caso.

El segundo error se refiere a la negativa de la corte inferior de ordenar que el demandante expusiera separadamente las diferentes causas de acción. El caso de *Barceló* v. *Díaz, supra,* resuelve dicho punto por haberse decidido en el mismo idéntica cuestión diciéndose en dicho caso que las partidas comprendidas en el pliego de particulares no constituyen causas distintas de acción, sin la necesidad por tanto que se aleguen separadamente en la demanda.

En los dos últimos errores apuntados, el apelante ataca la apreciación que de la prueba hizo la corte inferior. En tál sentido dicha corte inferior, al examinar la evidencia que fué practicada de una y otra parte, y luego de pesar el testimonio de los peritos que declararon acerca del valor razonable de los servicios que fueron prestados por el demandante y de aplicar el juez su discreción y conocimiento en cuanto a la importancia y valor de los mismos, fijó su

cuantía en la cantidad de $3,335 y siguiendo la jurisprudencia que de modo constante y uniforme tiene sentada esta Corte Suprema, no cabe revisar la apreciación que dicha corte inferior hizo de tales servicios a menos que se demostrara pasión, prejuicio o manifiesto error, y ninguno de estos extremos resulta de la prueba.

El apelante por otra parte insiste al discutir estos últimos errores que los servicios del demandante fueron inútiles e inefectivos e imputándole cierta negligencia en el desempeño de los mismos. Realmente, como afirma el apelado, ni en la contestación, como defensa, ni de la prueba, aparece que los servicios del demandante fuesen inefectivos y que fuera negligente en el desempeño de los mismos. Llama la atención de que el abogado del apelante que fué socio del demandante cuando tuvo lugar la prestación de los servicios, admite que el demandante tiene más competencia que él en las cuestiones substantivas, aunque niega que la tenga, igual al abogado apelante, en las de procedimiento. Esta argumentación del apelante tiene la significación. del papel importante que el demandante desempeñó en todos los asuntos en que intervino como abogado del demandado, ya que el estudio del derecho civil substantivo fué realizado en todos los casos envueltos en este pleito por el demandante.

Como la negligencia que el apelante atribuye al demandante se suscita en esta apelación por primera vez, es cuestión que no puede ser objeto de nuestra consideración en este recurso.

Por las razones expuestas la sentencia de la corte inferior debe confirmarse.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.